IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD E. WEBB, | ) CASE NO. 1:07 CV 2200 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| UNITED STATES OF AMERICA, | ) MEMORANDUM OPINION<br>) TRANSFERRING ACTION TO<br>) THE DISTRICT OF NEBRASKA |
| Defendant. | ) |

This matter is before the Court on the Motion of Defendant The United States of America to Transfer Case to the United States District Court for the District of Nebraska. (Document # 3).

**Procedural and Factual Background**

Plaintiff Ronald E. Webb brought this action against the United States on July 23, 2007, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§2671 through 2680. Plaintiff is a resident of Cuyahoga County, Ohio. (Complaint, ¶2) The Complaint alleges that Plaintiff cut his foot while passing through a TSA check point at Eppley Airfield in Omaha, Nebraska on July 18, 2005. Plaintiff asserts that he filed an administrative claim with the Transportation Security Administration and exhausted all administrative proceedings. The TSA denied Plaintiff's Claim on June 29, 2007. The United States has moved to transfer this action to the United States District Court for the District of Nebraska where the incident occurred. Plaintiff opposes the motion.

**Discussion**

Defendant moves to transfer venue pursuant to 28 U.S.C. §1404(a). The decision of whether a motion to transfer venue pursuant to §1404(a) should be granted is within the sound

discretion of the trial court. *See Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Insurance Co.*, 8 F.Supp.2d 1008, 1010 (N.D. Ohio 1998).

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In making a decision on a motion to transfer, courts examine the following factors: convenience of the parties, convenience of the witnesses and the interests of justice. *Central States, Southeast & Southwest Areas Health & Welfare Fund*, 8 F.Supp.2d at 1010. While a plaintiff's choice of forum is generally entitled to substantial weight, that choice is given less consideration if the operative events giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff. *See Roberts Metals, Inc. v. Florida Props. Mktg. Group, Inc.*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991).

Review of the Complaint indicates that the Plaintiff resides in Ohio. Further, Plaintiff asserts in his opposition to the motion to transfer that his wife and doctor also reside in Ohio and may be witnesses. On the other hand, the incident giving rise to this action occurred in Nebraska and all of the TSA witnesses to the event reside and work in Nebraska. Moreover, Nebraska tort law will apply to Plaintiff's negligence claims. Overall, the balance weighs in favor of transferring the action to Nebraska.

### Conclusion

After carefully weighing the relevant factors, the Court determines that the balance weighs in favor of transferring this action to the United States District Court for the District of Nebraska. Accordingly, Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a)

is GRANTED and the Clerk of Courts is directed to transfer the file to the United States District Court for the District of Nebraska.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: November 30, 2007